FARMERS' & MECHANICS' BANK v. HAWN et al.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. RENEWAL NOTE—WANT OF CONSIDERATION.
    A note executed by two persons as joint makers in renewal of a note previously made by them, but on which one of the joint makers had been released by the holder, is without consideration as to such joint maker.

2. COMPOSITIONS WITH CREDITORS—JOINT DEBTORS.
    Under the express provisions of Code Civ. Proc. § 1942, a separate composition made by a joint debtor with his creditors does not release the joint debtor who does not join in it.

Appeal from special term.

Action by the Farmers' & Mechanics' Bank against Warren Hawn, Rhoda A. Young, as executrix of John D. Young, deceased, and Abram Devendorf. From a judgment for plaintiff, entered by direction of the court after trial of the action, defendants appeal. Reversed as to defendant Young, and affirmed as to the other defendants.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Henry V. Borst, for appellants.
H. M. Eldredge, for respondent.

KELLOGG, J. The action is brought to recover on a promissory note of $1,400, made January 11, 1900, by Warren Hawn and John D. Young, to the order of Abram Devendorf, and transferred to plaintiff. The defendants Hawn and Young, makers of the note, join in an answer alleging that the note is without consideration, and was made by them for the accommodation of the bank. The defendant Devendorf answers separately to the same effect. It appears from the evidence taken at the trial that on December 8, 1896, the bank and de-

fendant John D. Young entered into a written agreement of composition and settlement, whereby the bank released said Young from certain claims specified in the writing, stipulating that such settlement and release should not affect the liability of the other parties to such claims to the bank, and saving the rights of such other parties as against said Young. By this instrument defendant Young was without doubt relieved from further payment to the bank on account of any of the notes in said paper mentioned, and, if it were conceded that the note sued upon is a renewal note given by Young at the solicitation of the bank, and for its accommodation, for any portion of the claims so released, then the action could not be maintained as against him. But it is not so conceded. Some proof was given on the question, and enough, I think, to make it a serious question of fact, which should have been submitted to the jury. The release to Young, however, is not available to defendants Hawn and Devendorf, or to either of them. It is not so by its terms, for by the terms of the instrument they are expressly excluded. In no way is any right of either of these defendants affected. The indorser has the same right of action against the makers that he had before, and the joint maker the same right to enforce contribution against his co-maker. This right of composition by a joint debtor is recognized and legalized by section 1942 of the Code of Civil Procedure, even when there is no agreement which saves the rights of another joint debtor, and the common-law rule is in this respect changed. Such a composition no longer releases the joint debtor who does not join in it. The renewal notes, so far as defendants Hawn and Devendorf are concerned, are supported by a sufficient consideration. They were both liable on the original notes, and their liability has been continued to this note. I find nothing in the evidence which supports their contention that they executed this note for the accommodation of the bank; nothing which requires a submission of such a question to a jury. The direction of a verdict, therefore, against defendants Hawn and Devendorf was proper, but, as has been stated, the question as to whether this $1,400 is a renewal of any one of the notes mentioned in the release should have been so submitted.

The judgment should be affirmed as to said defendants Hawn and Devendorf, and reversed, without costs, as to defendant Rhoda A. Young, as executrix, and a new trial granted as to her. All concur.